UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-8052-WM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LARRY RAY BON,

    Defendant.
_____/

FILED BY _____ D.C.

MAY 07 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER REGARDING SPEEDY TRIAL

On February 28, 2019, Defendant, Larry Ray Bon ("Defendant"), had his initial appearance in this cause. Defendant was appointed the Federal Public Defender as his counsel, and Defendant's Preliminary Hearing/Arraignment was set for March 14, 2019. [DE 3]. On March 7, 2019, Defendant's counsel, AFPD Kristy Militello, requested that Defendant's March 14, 2019 Preliminary Hearing/Arraignment be continued for a period of 60 days. Defendant consented and agreed to this requested continuance. Finding good cause after considering the dictates of Federal Rule of Criminal Procedure 5.1(d), the Court granted Defendant's March 7, 2019 *ore tenus* motion to continue his Preliminary Hearing/Arraignment to May 6, 2019, and issued a written Order Regarding Speedy Trial [DE 11].

At the scheduled Preliminary Hearing/Arraignment on May 6, 2019, defense counsel requested that Defendant's Preliminary Hearing/Arraignment be again continued, this time for a period of 75 days, to allow the defense to review Defendant's voluminous medical records obtained from the Social Security Administration, to allow the defense's mental health expert sufficient time to review the records and fully evaluate Defendant to address his mental status

and current mental health diagnosis, and to engage in further discussions with the prosecutor about potential charges and resolution. The Government concurred in the Defendant's request for a 75-day continuance and explained that Defendant's mental health background would impact the criminal charges brought against him.

Defense counsel advised the Court that Defendant consented to rescheduling the Preliminary Hearing/Arraignment and waived his speedy trial rights for the period of the 75-day continuance. Moreover, the Court conducted a sworn inquiry of Defendant, and Defendant knowingly, intelligently, and voluntarily consented to rescheduling the Preliminary Hearing/Arraignment on the record and waived his speedy trial rights for the 75-day period, through and including July 22, 2019.[1] The undersigned also directed defense counsel to file a written speedy trial waiver, signed by Defendant, which the defense agreed to do.

Based upon the foregoing, the Court has determined that the requirements of Federal Rule of Criminal Procedure 5.1(d) have again been met as to Defendant's second request to reschedule his Preliminary Hearing. Defendant knowingly, intelligently, and voluntarily, and with the advice of competent counsel, consented to an extension of the Preliminary Hearing until July 22, 2019. Additionally, defense counsel has made a showing of good cause in that the defense needs additional time to review Defendant's voluminous medical records, Defendant's expert needs additional time to review the records and further evaluate Defendant, and the defense needs additional time to negotiate a prompt and fair resolution of this criminal matter with the Government.[2]

---

[1] The Court notes that Defendant's counsel stated that Defendant is competent to proceed in this case. Further, Defendant was lucid, understood what was going on during the hearing, and directly answered all of the Court's questions. Defendant clearly appears to be competent.

[2] The parties are advised that the Court is not inclined to grant any further continuances of the Preliminary Hearing, absent the most compelling and extraordinary circumstances. The Court expects the parties to proceed on July 22, 2019.

In granting such continuance of Defendant's Preliminary Hearing until July 22, 2019, the Court finds that the ends of justice served by granting such continuance outweigh the best interest of the public and Defendant in a speedy trial. The Court's reasons for its finding that the ends of justice served by granting such continuance outweigh the bests interests of the public and Defendant in a speedy trial are the following: 1) the necessity and request of Defendant, his defense counsel, and the defense expert to have an opportunity to review Defendant's voluminous medical records and to allow the defense to engage in discussions and negotiations with the prosecutor regarding potential charges and a possible resolution of this very serious case; 2) the necessity of the defense to properly investigate this complex and serious case, as well as Defendant's background, prior to the Preliminary Hearing/Arraignment; 3) the necessity of the defense to obtain a further mental evaluation of Defendant; and 4) Defendant's knowing and voluntary oral and written waiver of his speedy trial rights.

Accordingly, the Court finds that the period from May 6, 2019, through and including July 22, 2019, shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time period within which the trial of any such offense must commence. *See* 18 U.S.C. § 3161(h).

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 7th day of May, 2019.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE