UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-8052-WM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LARRY RAY BON,

    Defendant.
_____/



FILED BY ____ D.C.
JUL 23 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## ORDER REGARDING SPEEDY TRIAL

On February 28, 2019, Defendant, Larry Ray Bon ("Defendant"), had his initial appearance in this cause. Defendant was appointed the Federal Public Defender as his counsel, and Defendant's Preliminary Hearing/Arraignment was set for March 14, 2019. [DE 3]. On March 7, 2019, Defendant's counsel, AFPD Kristy Militello, requested that Defendant's March 14, 2019 Preliminary Hearing/Arraignment be continued for a period of 60 days. Defendant consented and agreed to this requested continuance. Finding good cause after considering the dictates of Federal Rule of Criminal Procedure 5.1(d), the Court granted Defendant's March 7, 2019 *ore tenus* motion to continue his Preliminary Hearing/Arraignment to May 6, 2019, and issued a written Order Regarding Speedy Trial [DE 11].

At the scheduled Preliminary Hearing/Arraignment on May 6, 2019, defense counsel requested that Defendant's Preliminary Hearing/Arraignment be again continued, this time for a period of 75 days. Defendant consented and agreed to this requested continuance. Finding good cause after considering the dictates of Federal Rule of Criminal Procedure 5.1(d), the Court granted Defendant's May 6, 2019 *ore tenus* motion to continue his Preliminary

Hearing/Arraignment to July 22, 2019, and issued a written Order Regarding Speedy Trial [DE 13].

On July 19, 2019, the Government filed a Motion to Continue Preliminary Hearing/Arraignment [DE 15]. On July 19, 2019, the Court entered a Paperless Order denying the motion without prejudice because defense counsel could not represent that Defendant agreed to the relief sought in the motion. [DE 16]. At the scheduled Preliminary Hearing/Arraignment on July 22, 2019, the Government again requested that Defendant's Preliminary Hearing/Arraignment be again continued, this time for a period of 90 days, to allow the Government to hire an expert to review Defendant's voluminous medical records and to review the defense's expert's findings regarding Defendant's mental state at the time of the offense, to provide the Government with sufficient time to make a proper charging decision, and to provide the Government with sufficient time to engage in pre-indictment negotiations with defense counsel. Defendant agreed to the Government's request for a 90-day continuance.

Defense counsel advised the Court that Defendant consented to rescheduling the Preliminary Hearing/Arraignment and waived his speedy trial rights for the period of the 90-day continuance. Moreover, the Court conducted a sworn inquiry of Defendant, and Defendant knowingly, intelligently, and voluntarily consented to rescheduling the Preliminary Hearing/Arraignment on the record and waived his speedy trial rights for the 90-day period, through and including October 21, 2019.[1] The undersigned also directed defense counsel to file a written speedy trial waiver, signed by Defendant, which the defense agreed to do.

Based upon the foregoing, the Court has determined that the requirements of Federal Rule of Criminal Procedure 5.1(d) have again been met as to the Government's request to

---

[1] The Court notes that Defendant's counsel stated that Defendant is competent to proceed in this case. Further, Defendant was lucid, understood what was going on during the hearing, and directly answered all of the Court's questions. Defendant clearly appears to be competent.

2

reschedule Defendant's Preliminary Hearing. Defendant knowingly, intelligently, and voluntarily, and with the advice of competent counsel, consented to an extension of the Preliminary Hearing until October 21, 2019. Additionally, the Government has made a showing of good cause in that it needs additional time to retain an expert to review Defendant's voluminous medical records and to review the defense expert's findings regarding Defendant's mental state at the time of the offense, to make a proper charging decision, and to engage in pre-indictment negotiations with defense counsel.[2]

In granting such continuance of Defendant's Preliminary Hearing until October 21, 2019, the Court finds that the ends of justice served by granting such continuance outweigh the best interest of the public and Defendant in a speedy trial. The Court's reasons for its finding that the ends of justice served by granting such continuance outweigh the bests interests of the public and Defendant in a speedy trial are the following: 1) the necessity and request of the Government and its expert to have an opportunity to review Defendant's voluminous medical records and the defense expert's findings; 2) the necessity and require of the Government to engage in discussions and negotiations with defense counsel regarding potential charges and a possible resolution of this very serious case; 3) the necessity of the Government and Defendant to properly investigate this complex and serious case, as well as Defendant's background, prior to the Preliminary Hearing/Arraignment; 4) the necessity of the Government to examine Defendant's mental health and alleged insanity defense; and 5) Defendant's knowing and voluntary oral and written waiver of his speedy trial rights.

Accordingly, the Court finds that the period from July 22, 2019, through and including October 21, 2019, shall be excluded in computing the time within which an information or an

---

[2] The parties are advised that the Court is not inclined to grant any further continuances of the Preliminary Hearing, absent the most compelling and extraordinary circumstances. The Court expects the parties to proceed on October 21, 2019.

3

indictment must be filed, or in computing the time period within which the trial of any such offense must commence. *See* 18 U.S.C. § 3161(h).

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 23rd day of July, 2019.

*[signature]*
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE